**UNITED STATES of America, Plaintiff,**

**v.**

**ONE URBAN LOT AT BLOCK C # 30, SIERRA BERDECIA ST., etc., Defendant.**

**Civ. No. 90–2008 (JP).**

United States District Court, D. Puerto Rico.

July 20, 1992.

Eduardo E. Toro Font, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Antonio Córdova González, San Juan, P.R., for defendant.

### OPINION & ORDER

PIERAS, District Judge.

The Court has before it cross-motions for summary judgment filed by the parties in this case. For the reasons set forth below, the motion of the United States is hereby

GRANTED while the motions of claimants are hereby DENIED.

In 1990, a joint investigation conducted by the Federal Bureau of Investigation and the Drug Enforcement Administration discovered that Ramón Torres González had been involved in the importation of cocaine from Columbia to Puerto Rico and the continental United States. Upon making this discovery, the United States commenced a criminal action against Torres González, *United States v. Torres González a/k/a Rey, et al.*, Crim. No. 90–370 (CC), which proceeded before the Honorable Carmen Consuelo Vargas de Cerezo, and a civil forfeiture action against the proceeds accrued from Torres' various drug transactions, *United States v. Approximately Forty Three Million Dollars in U.S. Currency, etc.*, Civ. No. 90–1652 (GG), which proceeded before the Honorable Gilberto Gierbolini. The criminal action resulted in convictions of all the non-fugitive defendants based on pleas of guilty. The civil action resulted in an order by Judge Gierbolini that the monies were properly forfeited to the United States.

The instant action was commenced by the United States with the filing, on July 24, 1990, of a Complaint for Forfeiture in Rem, which charged that the defendant property in this case was purchased with proceeds traceable to the illegal transactions of Torres.[1] The government alleged that Torres had placed the proceeds of his drug transactions in twenty-two plastic barrels which were then buried on his property located in Barrio Espinosa, Dorado, Puerto Rico; that René Feliciano Pagán, Jesús Sánchez Rosa, and Carmelo Dávila entered onto the property owned by Torres González and stole approximately $9 mil-

lion of the buried cash; and that they commenced a "shopping spree" which resulted in the purchase of the defendant property. Feliciano, Sánchez, and Dávila each asserted claims to the property, admitting that the defendant property was purchased with money buried on Torres' property but asserting that the money was not stolen and that they were without knowledge that it was obtained from illegal drug transactions.

At the Initial Scheduling Conference held in this case on October 25, 1990, the parties agreed that this case could be disposed of through the filing of cross motions for summary judgment on the issues of relation-back under the federal forfeiture statute, the applicability of the "treasure trove" provisions of the Puerto Rico Civil Code, and whether these provisions are preempted by the federal law. Accordingly, plaintiff filed a motion to dismiss and/or for summary judgment on November 13, 1990, and claimants filed a dispositive motion dated November 15, 1990, pursuant to Rules 8(b), 12(c), 56 and 57 of the Federal Rules of Civil Procedure. Thereafter, this case was stayed pending the outcome of the criminal prosecution of Torres. During the stay, claimants filed a motion to dismiss dated July 12, 1991, on the new theory that they are "innocent owners" of the defendant property.

In the meantime, claimants filed a civil action against the government seeking replevin of that portion of the currency which had been forfeited to the United States in the case before Judge Gierbolini over which they felt they had legal possession. As in this case, they asserted that they were entitled to the money they had "found" because it was hidden treasure to which

---

1. The United States, upon order of this Court, thereafter seized the defendant property pursuant to 21 U.S.C. § 881(a)(6), which provides:

   All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter [shall be subject to forfeiture to

the United States and no property right shall exist in them], except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

21 U.S.C. § 881(a)(6); *see also United States v. Parcel of Land and Residence at 28 Emery Street*, 914 F.2d 1, 3 (1st Cir.1990) (describing the law as one of the most powerful weapons in the "arsenal" in the continuing war on drugs).

they were entitled under Puerto Rico law. The case proceeded before Judge Fusté, who issued an Opinion and Order on November 20, 1990, granting the government's motion for summary judgment. *Sánchez, et al. v. United States*, 781 F.Supp. 835 (D. Puerto Rico 1991).

Judge Fusté found that the money claimed did not qualify as "hidden treasure" under Article 285 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 1116 and 1117, because claimants could not establish, as required by the Code, that lawful ownership of the money at the time of its "discovery" could not be proven. He found:

> [A]t the time of the monies' discovery title had already vested in the United States. [Title 21, United States Code,] Section 881(h) provides that:
>
>> [a]ll right, title, and interest in property described in subsection (a) of this section shall vest in the United States *upon commission of the act giving rise to the forfeiture under this section.*
>
> 21 U.S.C. § 881(h) (emphasis added)....
>
> Applying the relation-back provision of section 881(h), after forfeiture, title to the currency vested in the government from the time the illegal transactions occurred.... Therefore, since title vested prior to plaintiffs' discovery, they cannot establish the third element of the definition of treasure, that lawful ownership not be proven, and cannot, therefore, claim any equitable interest under the Puerto Rico statute. Therefore, their claim to the monies must fail.

*Id.*, 781 F.Supp. at 840. Judge Fusté went on to find that claimants' "innocent owner" allegation could not save their claim and that their allegation that Torres had "abandoned" the money at issue was baseless. *Id.* at 841–42.

On May 5, 1992, the Court lifted the stay of the proceedings in this case. It also ordered the parties to file memoranda of law setting forth the issues which remained for the Court consideration given Judge Fusté's opinion in *Sánchez v. United States.* The parties were informed:

> The Court intends to use these memoranda alone to resolve all pending matters before it; therefore, all active issues and arguments should be included in these motions.... The parties are ORDERED to submit their memoranda on or before May 26, 1992. If either memoranda is not submitted by that date, all of the delinquent parties' claims and defenses will be forfeited pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

Order, Civil No. 90–2008 at 2–3 (May 5, 1992).

The Court anticipated receiving detailed briefs on the *res judicata* effect of Judge Fusté's opinion but such briefs were not forthcoming. Claimants failed to file a memorandum. The United States filed a memorandum asserting that Judge Fusté's opinion had put to rest claimants' "treasure trove" theory but that the Court still must decide "the application of the relation-back doctrine of 21 U.S.C. § 881(h) and whether the innocent owner defense applies in this case." Claimants' failure to file a memorandum, in contravention of the Court's Order, is certainly distressing. If the Court did not find clear grounds on which to dismiss their claims, it would proceed to impose swift and heavy sanctions. The government's memorandum is equally disappointing. It is premised on the nonsequitur that Judge Fusté's opinion forecloses further discussion of claimants' treasure trove theory but not their relation-back and innocent owner claims, despite the fact that Judge Fusté rejected claimants' treasure trove theory *based on* his analysis and rejection of their relation-back and innocent owner claims.

Despite the failure of the parties to properly present the issues in this case, the resolution of the motions pending before the Court is not complicated. Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privities from relitigating issues that were or could have been raised in that action. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981) (citing *Commissioner v. Sunnen,*

333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac,* 94 U.S. (4 Otto) 351, 352–53, 24 L.Ed. 195 (1876). This is so regardless of the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. *Id.* (citations omitted). The party seeking to invoke res judicata need only show that a final judgment was issued on the merits in a prior case which involved the same claims and the same parties. *Id.* at 399.

Judge Fusté's decision in *Sánchez v. United States* is a final judgment in favor of the United States in a case involving the same parties and same claims as those present here. It establishes that claimants have no right to the money they obtained from the property of Ramón Torres, which was properly forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6). We conclude that the defendant properties, which were purchased with part of these forfeitable proceeds are also properly forfeited to the United States.

The Court therefore GRANTS the motion for summary judgment filed by the United States' and ORDERS that the defendant properties, being traceable to proceeds of drugs transactions by admission of the parties, are properly forfeited to and property of the United States.

IT IS SO ORDERED.